**Date Signed:**
**March 4, 2016**



SO ORDERED

Lloyd King
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| In re<br><br>1910 PARTNERS, a Hawaii limited partnership,<br><br>        Debtor and<br>        Debtor-in-possession. | Case No. 15-00009<br>(Chapter 11)<br><br>Hearing<br>Date:   December 22, 2015<br>Time:   10:30 a.m.<br>Judge:  Hon. Lloyd King<br><br>[Relates to Docket No. 228] |
|---|---|

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR DEBTOR DATED AS OF DECEMBER 21, 2015

The hearing on confirming ("Confirmation Hearing") of the Second Amended Chapter 11 Plan of Reorganization for Debtor Dated as of December 21, 2015 ("Plan") was held on December 22-23, 2015, at 10:30 a.m., before the Honorable Lloyd King, United States Bankruptcy Judge for the District of Hawaii. Appearances were as noted in the record.

Having considered all of the pleadings and evidence filed in support of confirmation, the testimony of witnesses, all of the objections to confirmation of the Plan having been overruled, and based on the record in this case, the arguments and representations of counsel, all of the exhibits having been accepted into evidence, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.  1910 Partners ("Debtor") is the debtor and debtor-in-possession in Chapter 11 case no. 15-00009, which was commenced by the filing of a voluntary petition on January 5, 2015 ("Case").

2.  On June 17, 2015, the Debtor filed its Chapter 11 Plan of Reorganization for Debtor dated as of June 17, 2015.[1] *See* Docket # 116.

3.  On September 11, 2015, the Debtor filed its First Amended Chapter 11 Plan of Reorganization for Debtor Dated as of September 11, 2015 ("First Amended Plan"), together with its First Amended Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization Dated September 11, 2015 (the "Disclosure Statement"). *See* Docket ## 140, 141.

---

[1] Capitalized terms used herein shall have the same meaning as set forth in the Plan, unless otherwise noted.

- 2 -

U.S. Bankruptcy Court - Hawaii   #15-00009   Dkt # 258   Filed 03/04/16   Page 2 of 18

## Approval of the Disclosure Statement, Solicitation, and Confirmation Hearing Notice

4. On September 15, 2015, the Bankruptcy Court entered that certain Order Approving Disclosure Statement for Plan of Reorganization Dated September 11, 2015, and Balloting Procedures and Scheduling Deadlines ("Solicitation Order") that, among other things, (a) approved the Disclosure Statement pursuant to Bankruptcy Code § 1125 and Federal Rule of Bankruptcy Procedure ("Rule") 3017, (b) established October 21, 2015, as the date for the Confirmation Hearing, (c) approved the form and method of notice of the Confirmation Hearing ("Confirmation Hearing Notice), (d) established procedures for soliciting and tabulating votes with respect to the Plan, and (e) established procedures governing the Confirmation Hearing. *See* Docket #143.

5. In accordance with the Solicitation Order, the following items were transmitted to creditors: (a) the Disclosure Statement, (b) the Confirmation Hearing Notice (as defined in the Solicitation Order), and (c) with respect to those creditors in classes entitled to vote under the First Amended Plan and the Solicitation Order, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted to the appropriate parties on or before September 16, 2015. Such service is adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

6. On October 7, 2015, the Association of Apartment Owners of

U.S. Bankruptcy Court - Hawaii    #15-00009    Dkt # 258    Filed 03/04/16    Page 3 of 18

Canterbury Place (the "AOAO") filed an objection to the First Amended Plan. *See* Docket #154.

7.     On October 14, 2015, the Debtor filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the First Amended Plan ("Ballot Tabulation"). Votes to accept and reject the First Amended Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

8.     On October 14, 2015, the Debtor filed a *Confirmation Brief and Reply to Objection to Debtor's First Amended Plan. See* Docket # 157.

9.     On October 16, 2015, the AOAO filed an *Objection to Votes of McCorriston Miller Mukai Mackinnon and Guy Sibilla* ("AOAO Voting Objection"). *See* Docket # 159.

10.    On October 21, 2015, the Debtor filed a Reply to the AOAO Voting Objection. *See* Docket #162.

11.    The confirmation hearing was continued three times: the first time to November 5, 2015, a second to November 18, 2015, and a third to December 22, 2015, to permit the Debtor to finalize the terms of its refinancing with secured creditor Pacific Guardian Life Insurance Co. ("PGL").

12. On November 3 and 17, 2015, the AOAO filed several supplements to its Objection to the First Amended Plan. *See* Docket ## 175, 176, 197.

13. On December 16, 2015, the Debtor filed a witness list and a exhibit list. *See* Docket ## 218, 219.

14. On December 16, 2015, the AOAO also filed a witness list and a exhibit list. *See* Docket ## 221 and 222.

15. This Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

16. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

17. To the extent not resolved or withdrawn, all objections to the confirmation of the Plan are overruled in all respects.

**Bankruptcy Code Requirements for Confirmation and Classification**

18. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates 7 Classes of Claims and one Class of Equity Interests. The Claims and Interests placed in each Class are substantially

U.S. Bankruptcy Court - Hawaii   #15-00009   Dkt # 258   Filed 03/04/16   Page 5 of 18

similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

19. The Plan specifies that Classes 1 and 3 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy code.  Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

20. The Plan designates that Classes 2, 4, 5, 6, and 7 are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

21. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 2, 4, 5, 6, and 7.  Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

22. As set forth in the Ballot Tabulation as amended, Class 6 voted to accept the Plan, pursuant to section 1126(c) of the Bankruptcy Code.  Class 4 voted to reject the Plan.  No votes were received for Classes 2, 5 and 7.

## Treatment of Secured Claims

23. The holder of an Allowed Secured Claim (Classes 2, 3 and 4) will receive at least as much as it would receive in a case under chapter 7 with respect

U.S. Bankruptcy Court - Hawaii   #15-00009   Dkt # 258   Filed 03/04/16   Page 6 of 18

to those Secured Claims. The Treatment of Classes 2, 3 and 4 is fair and equitable and does not unfairly discriminate against said Classes. In each case, the holders of Allowed claims in Classes 2, 3 and 4 will retain their respective liens under the Plan and will receive deferred cash payments totaling at least the allowed amount of their respective claims as of the Effective Date of the Plan.

## Unsecured Claims

24. The holders of Allowed General Unsecured Claims (Class 6) will receive as much as they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 100% of their total claim amount. Class 6 will receive approximately 100% of its allowed claim under the Plan, as amended. As a result, holders of Allowed Class 6 Claims will receive as much under the Plan than they would receive if the Debtor's case was converted to a case under chapter 7. Members of Class 5, the Convenience Class, will receive 100% of their Allowed Claims, as much as they would receive in a chapter 7 liquidation.

## Subordinated Claims

25. The holder of Allowed Subordinated Claims (Class 7) will not receive any consideration under the Plan.

## Equity Interests

26. Allowed Equity Interest in Class 8 will not retain its Equity Interest

U.S. Bankruptcy Court - Hawaii    #15-00009    Dkt # 258    Filed 03/04/16    Page 7 of 18

under the Plan.

27. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

**Means of Implementation**

28. The Plan provides adequate and proper means for the Plan's implementation.

29. The Debtor has demonstrated adequate assurance of future performance with respect to any assumed executory contracts. No party to an executory contract has objected to the Plan or the assumption of any executory contract.

30. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code § 363(b).

31. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

32. Any finding of fact subsequently determined to be a conclusion of law

U.S. Bankruptcy Court - Hawaii    #15-00009    Dkt # 258    Filed  03/04/16    Page 8 of 18

shall be deemed a conclusion of law.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

33. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

34. This Bankruptcy Court has jurisdiction over this Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

### Confirmation Requirements

### Section 1129(a)(1)

35. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

    (a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

- 9 -

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2);

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

(d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

(e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

(f) Section 1123(a)(6) does not apply to the Debtor or the Plan;

(g) The Debtor has disclosed the identity of the general partner of the Reorganized Debtor, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

## Section 1129(a)(2)

36. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

    (a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

    (b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

    (c) The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Section 1129(a)(3)

37. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in this case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

U.S. Bankruptcy Court - Hawaii    #15-00009    Dkt # 258    Filed 03/04/16    Page 11 of 18

38. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in these cases to seek relief from the injunctions.

## Section 1129(a)(4)

39. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's chapter 11 case, or in connection with the Plan and incident to the Debtor's chapter 11 case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4).

## Section 1129(a)(5)

40. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the individuals who will serve as general partner of the Reorganized Debtor as of the Effective Date have been fully disclosed. The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

## Section 1129(a)(6)

41.     Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

## Section 1129(a)(7)

42.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Disclosure Statement as amended (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Section 1129(a)(8)

43.     Classes 1 and 3 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 6 is impaired and has voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Classes 2, 5, and 7 did not vote. However, because Class 4 has voted to reject the Plan, the Plan does not satisfy Section 1129(a)(8).

## Section 1129(a)(9)

44.     The treatment of Administrative Claims and Priority Tax Claims

under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Section 1129(a)(10)

45. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

### Section 1129(a)(11)

46. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

47. In order to satisfy Bankruptcy Code § 1129(a)(11), the plan proponent need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the plan proponents need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

### Section 1129(a)(12)

48. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the

U.S. Bankruptcy Court - Hawaii   #15-00009   Dkt # 258   Filed 03/04/16   Page 14 of 18

Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

### Section 1129(a)(13)

49. Bankruptcy Code § 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code § 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligation.

### Section 1129(b)

50. Even though the Plan does not satisfy Section 1129(a)(8), the Plan can be crammed down over the dissenting Class 4 because (a) the Plan does not discriminate unfairly and (b) is fair and equitable because holders of a class 4 claim retain the liens securing such claims, and each holder of a class 4 claim will receive deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan of at least the value of such holder's interest in the estate's interest in such property.  Upon confirmation and occurrence of the Effective Date, the Plan shall be binding upon the members of each Rejecting Class.

### Other Matters

51. The principal purpose of the Plan is not the avoidance of taxes or the

avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code § 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

52. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code §§ 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code § 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, the acceptances of the accepting Classes are deemed to apply to the modification. Additional notice under Bankruptcy Rule 3019(a) is not required.

53. Based on the record before the Bankruptcy Court in this Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective

activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

54. The release, injunction, and exculpation provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Chapter 11 Estate.

55. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

56. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

57. The Debtor has satisfied the requirements of Bankruptcy Code § 365(b)(1) in connection with the assumption of any Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code § 365. All conditions under Bankruptcy code § 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

58. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 10.1 of the Plan and Bankruptcy Code § 1142. It is appropriate for this Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

59. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

60. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

61. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

U.S. Bankruptcy Court - Hawaii   #15-00009   Dkt # 258   Filed 03/04/16   Page 18 of 18