
IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>1910 PARTNERS, a Hawaii limited partnership,<br><br>                Debtor. | Case No. 15-00009<br>(Chapter 11)<br><br>*Hearing*:<br>Date:   August 24, 2016<br>Judge:  The Honorable Lloyd King<br><br>*Docket Reference 268* |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
AND ORDER ON THE ASSOCIATION OF APARTMENT
OWNER'S MOTION TO ENFORCE CONFIRMED
SECOND AMENDED PLAN OF REORGANIZATION**

## I.    INTRODUCTION

A hearing to consider the Association of Apartment Owner's of Canterbury

Place ("AOAO") Motion to Enforce Confirmed Second Amended Plan of

Reorganization of March 4, 2016, and Dismiss the Notice of Appeal Filed on June

22, 2016, or in the Alternative, Enforce the Terms of the Confirmed Second

Amended Plan of Reorganization, was heard before the undersigned on August 24,

2016. Chuck C. Choi, Esq. appeared for the debtor and appearances for the AOAO were made by Jerrold K. Guben, Esq., Miranda F. Tsai, Esq. and Terrance M. Revere, Esq.

Upon consideration of the record and the arguments of counsel, the Court makes the following findings of fact and conclusions of law:

**II.  FINDINGS OF FACT**

1.  On January 5, 2015, debtor 1910 Partners ("1910"), filed its Petition for Relief.

2.  On June 17, 2015, 1910 filed its Disclosure Statement and Plan of Reorganization.

3.  On December 22, 2015, this Court held a hearing to confirm 1910's Second Amended Plan of Reorganization.

4.  On January 26-28, 2016, this Court held a trial in <u>Association of Apartment Owners of Canterbury Place v. 1910 Partners</u>, Adv. No. 15-90006.

5.  On March 4, 2016, this Court entered its order confirming the Second Amended Plan of Reorganization.

6.  The Effective Date of the Confirmed Plan was March 21, 2016.

7.  The Confirmed Plan provided in § 3.4, the disposition of the Association of Apartment Owners Canterbury Place's ("AOAO") secured claim,

**3.4. Class 4:  Allowed AOAO Claim**

**3.4.1 Classification:** Class 4 consists of the Allowed AOAO Claim.

**3.4.2 Treatment:** The Counterclaims filed by the Debtor in the AOAO Adversary, shall be deemed to be an objection to the AOAO Claim. Unless the AOAO and *the Debtor agree to a different treatment the Debtor shall pay the AOAO one hundred percent (100%) of its Allowed Claim after it is liquidated by the Bankruptcy Court in the AOAO Adversary as follows:*

- Beginning March 15, 2016, until the Refinance Deadline, the Debtor shall make monthly payments of $18,000.00 at 6.75% simple interest per annum.
- On or before the Refinance Deadline [January 31, 2019], the Debtor shall pay the balance of the AOAO Clam in full.

Class 4 is impaired, and the AOAO is entitled to vote to accept or reject the Plan.

8. The Confirmed Plan further provided,

**1.28. "Disputed Administrative Expense Claim"** means Administrative Expense Claim: (a) for which a request for payment is Filed on or before the Administrative Claims Bar Date; or (b) an Ordinary Course Administrative Claims, and as to which an objection to such is Filed on or before the applicable objection deadline.

9. As to the administrative claims and their payment, the Confirmed Plan further provided,

**1.3. "Allowed Administrative Expense Claim"** means an Administrative Expense Claim: (a) for which a request for payment is Filed on or before the Administrative Claims Bar Date and as to which no objection to such

3

Administrative Expense Claim is in the amount set forth in such request; (b) that is allowed pursuant to a Final Order, in the amount set forth therein; or (c) is an Ordinary Course Administrative Expense as to which no objection has been Filed. Unless otherwise specified herein or by Final Order of the Bankruptcy Court, the amount of any Allowed Administrative Expense Claim shall not include interest on such Administrative Expense Claim accruing from and after the Petition Date.

**2.1. Administrative Expense Claims.** Subject to the provisions of sections 330(a), 331 and 503(b) of the Bankruptcy Code, each Allowed Administrative Expense Claim shall be paid by the Debtor or the Reorganized Debtor, as the case may be, in full, in Cash, the later of (i) the Effective Date, (ii) the due date thereof in accordance with its terms, (iii) the date upon which such Administrative Claim becomes an Allowed Claim, (iv) for any liability incurred in the ordinary course of business, the date upon which such liability is payable in the ordinary course of such Debtor's business, consistent with past practices or (v) such other date as may be agreed by the parties.

\* \* \*

**2.2. Compensation and Reimbursement Claim**s. On, or as soon as practicable after, the Effective Date, each holder of an Allowed Claim that is based upon awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with section 330 or 331 of the Bankruptcy Code or entitled to the priority pursuant to section 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code, shall , shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court: (a) on or as soon as reasonably practicable following the later to occur of (i) the Effective Date, and (ii) the date on which the Bankruptcy Court order allowing such Claim becomes a Final Order; or (b) upon such other terms as may be mutually agreed upon between such holder of an Allowed Administrative Claim and the Debtor.

10. In addition, the Confirmed Plan provided at ¶5.2 revesting of assets provided as follows,

**5.2. Revesting Of Assets.**

The Debtor will, as the Reorganized Debtor, continue to exist on and after the Effective Date as a separate corporate entity, formed under the laws of the State of Hawaii, with all of the powers of a limited partnership under the applicable non-bankruptcy law, and without prejudice to any right to alter or terminate its existence (whether by merger or otherwise). Except as otherwise provided in the Plan, on and after the Effective Date, all property of the Estate of the Debtor, including all rights of action, and any property acquired by the Debtor under or in connection with the Plan will vest in the Reorganized Debtor free and clear of all Claims, Liens, charges, other encumbrances and interests. On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose of property and compromise or settle any Claims or interests without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by the Plan or the Confirmation Order.

11. The Confirmed Plan at ¶ 6.2 provided that with a disputed claim, including an administrative claim, is to be set aside in a reserve account:

**6.2. Disputed Claims That Do Not Become Allowed Claims.**

To the extent that a Disputed Claim is disallowed, subordinated, voided, voided for the benefit of the Debtor's Estate, or recharacterized, the Debtor shall not make any distribution on account of such Disputed Claim.

Notwithstanding all references in the Plan to Claims that are Allowed, in undertaking the calculations concerning Allowed Claims or Allowed Administrative Expense Claims under the Plan, including the determination of the amount or number of distributions due to the Holders of Allowed Claims and Allowed Administrative Expense Claims, *each Disputed Claim shall be treated as if it were an Allowed Claim, except*

5

*that if the Bankruptcy Court estimates the likely portion of a Disputed Claim to be Allowed or authorized or otherwise determines the amount or number which would constitute a sufficient reserve for a Disputed Claim (which estimates and determinations may be requested by the Reorganized Debtor), such amount or number as determined by the Bankruptcy Court shall be used as to such Claim.* (emphasis added).

12. The Court in its Order of March 4, 2016, provided as follows:

Plaintiff Association of Apartment Owners of Canterbury Place ("Plaintiff") shall recover from Defendant 1910 Partners ("1910"):

1. A pre-petition claim in the amount of $1,308,500.00;

2. On its over-secured claim, post-petition interest from January 5, 2015, to January 31, 2016, in the amount of $11,592.33, accruing a the daily rate of $295.626;

3. Post-petition attorneys' fees for O'Connor Playdon & Guben and Revere and Associates in the amount of $567,936.25. (11 U.S.C. § 506(b)). This sum will be treated as a 11 U.S.C. § 1129(a)(9)(A) claim and be paid in full, in cash, on the Effective Date of the Plan; and

4. Pre-petition attorneys' fees for O'Connor Playdon & Guben and Revere and Associates LLLC in the amount of $154,835.89. This sums in included in the amount shown in paragraph 1 above.

13. On March 18, 2016, 1910 filed its Motion for Reconsideration.

14. On June 8, 2016, this Court issued its Findings of Fact and

Conclusion of Law RE: 1910 Partners Motion for Reconsideration of (1) Findings

of Fact and Conclusion of Law Entered June 8, 2016; (2) Judgment Entered June 8, 2016 (Dkt. No. 212) and Order on June 8, 2016 which provided,

> Plaintiff Association of Apartment Owners of Canterbury Place ("AOAO") shall recover from Defendant 1910 Partners ("1910"):
>
> 5. A pre-petition claim in the amount of $1,308,500.00;
>
> 6. On its over-secured claim, post-petition interest from January 5, 2015, to January 31, 2016, in the amount of $11,592.33, accruing a the daily rate of $295.626;
>
> 7. Post-petition attorneys' fees for O'Connor Playdon & Guben and Revere and Associates in the amount of $567,936.25. (11 U.S.C. § 506(b)). This sum will be treated as a 11 U.S.C. § 1129(a)(9)(A) claim and be paid in full, in cash, on the Effective Date of the Plan; and
>
> 8. Pre-petition attorneys' fees for O'Connor Playdon & Guben and Revere and Associates LLLC in the amount of $154,835.89. This sums in included in the amount shown in paragraph 1 above.

15. On June 22, 2016, 1910 filed its Notice of Appeal.

16. After the filing of the Notice of Appeal, 1910 did not,

    (a) create a reserve for the AOAO's disputed administrative claim as per § 6.2 of the Confirmed Plan;

    (b) move for a stay pursuant to Rule 8007(a)(1)(A), Fed. R. Bankr. P.; or

    (c) post a supersedeas or appeal bond as per Rule 8007(a)(1)(B), Fed. R. Bankr. P.

7

17. On June 29, 2016, the AOAO filed its Motion to Enforce Second Amended Plan of Reorganization of March 4, 2016 and Dismiss the Notice of Appeal filed on June 22, 2016, or in the Alternative, Enforce the Terms of Confirmed Second Amended Plan of Reorganization and this Court scheduled an August 24, 2016 hearing.

18. This Court held its Hearing on August 24, 2016 on the AOAO's Motion and the Court reserved a decision as to the proper remedy.

## III. CONCLUSIONS OF LAW

1. On March 4, 2016, this Court entered its Order Confirming 1910's Second Amended Plan of Reorganization.

2. The Effective Date of the Confirmed Plan was March 21, 2016.

3. The Court allowed the AOAO's request for the allowance of post-petition attorneys' fees of $567,936.25 pursuant to 11 U.S.C. § 503(b)(4) and to be paid pursuant to 11 U.S.C. § 1129(a)(9)(A) as an administrative claim.

4. The Plan was substantially consummated by the revesting of the Assets of the Plan, the refinancing of the Pacific Guardian Life note and mortgage and the payment(s) of $18,000.00 per month to the AOAO.

5. The Confirmed Plan provides for the full payment of allowed Administrative Claims as per ¶ 2.1, which provide,

> **2.1. Administrative Expense Claims.** Subject to the provisions of sections 330(a), 331 and 503(b) of the Bankruptcy Code, each Allowed Administrative Expense Claim shall be paid by the Debtor or the Reorganized Debtor, as the case may be, in full, in Cash, the later of (i) the Effective Date, (ii) the due date thereof in accordance with its terms, (iii) the date upon which such Administrative Claim becomes an Allowed Claim, (iv) for any liability incurred in the ordinary course of business, the date upon which such liability is payable in the ordinary course of such Debtor's business, consistent with past practices or (v) such other date as may be agreed by the parties.

6. Upon confirmation, on or about March 4, 2016, 1910 was to pay the administrative claims, as provided by § 2.1 of the Confirmed Plan, and pay the administrative claim pursuant to 11 U.S.C. § 1129(a)(9)(A) on the Effective Date of the Plan, March 21, 2016.

7. As an alternative to the full payment of the AOAO's administrative claim, as provided by § 6.2 of the Confirmed Plan, 1910 could have arranged for a deposit, Rule 8007(a)(1)(B), Fed. R. Bankr. P., or created a reserve of the amount owed, §6.2 to the AOAO.

8. If 1910 did not want to pay the AOAO, the full amount of the AOAO's administrative expense claim on the effective date, March 21, 2016 or create a reserve pursuant to § 6.2 of the Confirmed Plan, 1910 could have moved for a supersedeas or appeal bond pursuant to Rule 8007(a)(1)(B), Fed R. Bankr. P. or seek a stay of the enforcement of the payment, pursuant to Rule 8007(a)(1)(A), Fed. R. Bankr. P.

9. 1910 did nothing after the filing of a Notice of Appeal.

10. Under the Bankruptcy Code, the Rules and the Confirmed Plan, and the award of $567,936.25 pursuant to 11 U.S.C. §§ 503(b)(4) and 1129(a)(9)(A), 1910 could have:

(1) pursuant to § 2.1 of the Confirmed Plan, paid the full amount of the § 503(b)(4) $567,936.25 claim to AOAO immediately, since the Effective Date was March 21, 2016;

(2) pursuant to § 6.2 of the Confirmed Plan, 1910 could have created a reserve for the $567,936.25, in the form provided for by §6.2 of the Plan and by directions of the Court;

(3) pursuant to Rule 8007(a)(1)(A), Fed. R. Bankr. P., 1910 could have sought a stay of the enforcement of the Confirmed Plan;

(4) pursuant to Rule 8007(a)(1)(B), Fed. R. Bankr. P., 1910 could have proffered a supersedeas or appeal bond equal to 125% of the Court's award of $567,936.25 or $709,245.31. See In re Bucyrus Grain Co., Inc. 127 B.R. 52, 54, *n*.4 (D. Kan 1991).

11. 1910 did not exercise its legal options, 1910 simply filed its Notice of Appeal and did nothing further until the AOAO filed this Motion on June 29, 2016.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**